UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-249-FDW

| | |
|---|---|
| WILLIAM LUKE COUSINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENNETH E. LASSITER, ) <br> *Director of Prisons*, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). On October 5, 2017, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 6).

### I. BACKGROUND

Pro se Plaintiff William Luke Cousins is a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on September 8, 2017, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Kenneth E. Lassiter, identified as the Director of Prisons for the North Carolina Department of Public Safety, and Plaintiff states that he is suing Lassiter in both his individual and official capacities. (Doc. No. 1). In the Complaint, Plaintiff alleges that, while incarcerated at Marion, he has requested a vegan diet so he can observe his Rastafarian religion. (Doc. No. 1 at 7-8). Plaintiff alleges that he was informed that, pursuant to prison policy, he could not change his diet for ninety (90) days, which he contends violates his First Amendment right to practice his religion. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages. (Id. at 9). Plaintiff

1

specifically seeks "[a] preliminary and permanent injunction ordering defendant Kenneth E. Lassiter to stop enforcing such policy that a detainee can only change his diet every 90 days." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably

2

related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90.

The Court finds that Plaintiff's First Amendment claim is not clearly frivolous and therefore survives initial review.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's First Amendment claim survives initial screening by the Court in that it is not clearly frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e).

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant Lassiter. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is

3. respectfully instructed to note on the docket when the summons form has been mailed to Plaintiff.

Signed: December 4, 2017

Frank D. Whitney
Chief United States District Judge